UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAWAR MAQSOOD,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 30, 2013

**ORDER**

10 Civ. 8943 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Khawar Maqsood filed this action on November 22, 2010 pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's calculation of Plaintiff's disability insurance benefits. (Dkt. No. 2) On December 9, 2010, this Court referred this action to Magistrate Judge Theodore H. Katz for a Report and Recommendation ("R&R"). (Dkt. No. 6) On May 3, 2011, the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 15)

      On May 11, 2011, and October 9, 2012, Plaintiff filed two separate motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. Nos. 17, 30) On January 27, 2012, Judge Katz issued a 25-page R&R recommending that the Court grant the Commissioner's motion for judgment on the pleadings, deny Plaintiff's first motion for summary judgment, and dismiss the action with prejudice. (Dkt. No. 22) For the reasons stated below, the Court will adopt the R&R of Judge Katz in its entirety.

## **BACKGROUND**

On August 10, 2004, Plaintiff applied to the Social Security Administration ("SSA") for disability insurance benefits after he was injured on the job and suffered multiple heart attacks. (R&R at 2; Cmplt. ¶¶ 4, A1) On July 25, 2005, an Administrative Law Judge ("ALJ") issued a decision "fully favorable" to Plaintiff, finding that Plaintiff has "severe" impairments that leave him unable to perform his former work. (R&R at 3 (quoting Pltf. First Mot. for Summ. J., Ex. C at 2-3)) The ALJ further found the Plaintiff to be disabled based on his medical condition, age, education, and work experience. (R&R at 3 (citing Pltf. First Mot. for Summ. J., Ex. C at 2-3)) Accordingly, the ALJ found that Plaintiff was disabled as of July 22, 2004. (R&R at 3 (citing Pltf. First Mot. for Summ. J., Ex. C at 3))

On June 20, 2005, prior to receiving the ALJ's decision, Plaintiff applied for Supplemental Security Income ("SSI"). (R&R at 3 (citing Cmplt. ¶ A9)) Plaintiff received one SSI payment in the amount of $653. (R&R at 3 (citing Cmplt. ¶ A9))

On August 29, 2005, the SSA issued a Notice of Award, informing Plaintiff that, as of January 2005, he was entitled to monthly benefit payments of $644. (R&R at 3 (citing R. at 30-33)) On December 3, 2005, the SSA issued a Notice of Change in Benefits, explaining that Plaintiff was entitled to a retroactive payment of his monthly benefits for the period from January 2005 through July 2005, minus the $653 in SSI benefits he had received, and minus attorney's fees in the amount of $1,127. (R&R at 4 (citing R. at 34))

Plaintiff requested that the SSA review his monthly benefit amount. (R&R at 4 (citing R. at 37)) The SSA reviewed Plaintiff's work history through 2006 and notified Plaintiff in an August 2, 2006 letter that he was receiving "the highest possible amount based on how much [he] [had] earned." (R&R at 4 (quoting R. at 37))

2

On June 18, 2008, after Plaintiff's requests for reconsideration, the SSA Appeals Council issued an order remanding Plaintiff's case to an ALJ for a hearing to determine whether Plaintiff's retroactive and monthly benefits had been correctly calculated. (R&R at 6 (citing R. at 83)) A hearing was held before ALJ Newton Greenberg on October 29, 2008. (R&R at 6 (citing R. at 178-88)) Plaintiff testified at the hearing. (R&R at 6 (citing R. at 178-88)) He was not represented by an attorney. (R. at 180) On February 13, 2009, ALJ Greenberg issued a decision finding that Plaintiff's benefits had been correctly calculated and that he was "receiving the highest possible monthly disability insurance benefit." (R&R at 6; R. at 6-13) On October 26, 2010, the SSA Appeals Council denied Plaintiff's request for review, making ALJ Greenberg's decision the Commissioner's final decision. (R&R at 7 (citing R. at 2-5))

Plaintiff filed this action on November 22, 2010, seeking review of the SSA's calculation of his retroactive and monthly benefits. (Dkt. No. 2 (Cmplt.)) Plaintiff primarily contends that the SSA miscalculated his benefits by using incorrect wage figures and by applying the wrong statute, and that he is entitled to additional retroactive benefits, including SSI benefits. (See Cmplt. ¶¶ A2-A4, A9, A15-A17)

On December 9, 2010, this Court referred this action to Magistrate Judge Katz for an R&R. (Dkt. No. 6) On May 3, 2011, the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 15) On May 11, 2011, Plaintiff filed an "Affirmation in Opposition to Motion and Under Rule 56.1 for Summary Judgment." (Dkt. No. 17) On January 27, 2012, Judge Katz issued a 25-page R&R recommending that the Court grant the Commissioner's motion, deny Plaintiff's motion, and dismiss the action with prejudice.

3

On February 7, 2012, Plaintiff filed an objection to the R&R. (See Dkt. Nos. 23-26) In his objection, Plaintiff continues to assert that his benefits were calculated based on incorrect wage figures and under the wrong statute, and that he is entitled to SSI benefits. (Pltf. Objection (Dkt. No. 23) at 6, 11, 15-17) Plaintiff further contends that the Commissioner is in default, having not responded to Plaintiff's motion for summary judgment. (Pltf. Objection (Dkt. No. 23) at 14-15) Plaintiff repeats these arguments in a second motion for summary judgment filed on October 9, 2012 (Dkt. No. 30), in an affirmation in support of that motion filed on March 21, 2013 (Dkt. No. 31), and in a letter hand-delivered to the Court on June 20, 2013. (Dkt. No. 32)

## DISCUSSION

### I.  STANDARD OF REVIEW

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).

"The objections of parties appearing <u>pro se</u> are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting <u>Milano v. Astrue</u>, 05 Civ. 6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted)). "'Nonetheless, even a <u>pro se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'" <u>Id.</u> (quoting <u>Pinkney v. Progressive Home Health Servs.</u>, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

A district court reviewing a denial of Social Security benefits will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." <u>Rosa v. Callahan</u>, 168 F.3d 72, 77 (2d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Pratts v. Chater</u>, 94 F.3d 34, 37 (2d Cir. 1996).

## II.   ANALYSIS

Here, Plaintiff's objections simply repeat the allegations in his Complaint. Accordingly, the R&R will be viewed for clear error.

First, Plaintiff asserts that Judge Katz erred in concluding that the SSA used the correct wage figures to calculate Plaintiff's benefits. (Pltf. Objection (Dkt. No. 23) at 15-16) As Judge Katz explained, Plaintiff has not met his burden of proving that the wage values used by the SSA were incorrect. (R&R at 21 (citing <u>Butts v. Sec'y of Human Servs.</u>, 706 F.2d 107, 108 (2d Cir. 1983); <u>Lyublinsky v. Barnhart</u>, 360 F. Supp. 2d 497, 499-50 (E.D.N.Y. 2005)). The values used by the SSA are consistent with Plaintiff's Earnings Record in his Social Security

5

Statement, which constitutes conclusive evidence of a claimant's wages absent a timely correction by the claimant. (R&R at 22 (citing 42 U.S.C. § 405(c)(4)) Furthermore, Plaintiff has acknowledged that the SSA's record of his wages is correct. (R&R at 22) As Judge Katz explained, Plaintiff's calculations, not the SSA's, are based on the wrong wage values and misinterpret the formulas for calculating benefits. (R&R at 22-23) Accordingly, Judge Katz did not err in rejecting Plaintiff's contention that the SSA used incorrect wage values to calculate his benefits.

Second, Plaintiff asserts that Judge Katz erred in concluding that the SSA calculated Plaintiff's benefits pursuant to the wrong statute. (Pltf. Objection (Dkt. No. 23) at 6) As in his Complaint, Plaintiff asserts that his claim is not brought under 42 U.S.C. § 415. (Id.) As Judge Katz found, however, that statute provides the formulas for calculating disability benefits for claimants who qualify for benefits based on their wage earning history. (R&R at 20) Because Plaintiff earned wages, this statute is applicable to him and was correctly applied by the SSA. Accordingly, Judge Katz did not err in rejecting Plaintiff's contention that the SSA applied the incorrect statute to calculate his benefits.

Plaintiff further contends that Judge Katz erred in concluding that he is not entitled to receive continued SSI benefits. (Pltf. Objection (Dkt. No. 23) at 17) As Judge Katz explained, once Plaintiff was granted disability benefits, he no longer qualified for SSI benefits, which are based on financial need. (R&R at 21 n.8; see also 42 U.S.C. §§ 1382(a)(1), 1382a(a)(2)(B) (stating that disability benefits must be considered in determining eligibility for SSI)) Accordingly, Judge Katz did not err in concluding that Plaintiff is no longer entitled to receive SSI benefits.

6

Finally, Plaintiff contends that Judge Katz erred by failing to find the Commissioner in default for not responding to Plaintiff's first motion for summary judgment. (Pltf. Objection (Dkt. No. 23) at 14-15) In making this argument, Plaintiff misinterprets the Federal Rules of Civil Procedure. In order to avoid default, under Rule 12 of the Federal Rules of Civil Procedure, the Commissioner was required to file a responsive pleading within 21 days of service of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). The Commissioner complied with this rule by seeking an extension of time to file an answer (Dkt. No. 13), and then filing a motion for judgment on the pleadings within the extended time period granted by Judge Katz. (Dkt. No. 15) Given the pending motion for judgment on the pleadings, the Commissioner was not required to respond to Plaintiff's first motion for summary judgment.[1]

Plaintiff's second motion for summary judgment repeats the arguments made in his first summary judgment motion and in his objection to the R&R. Accordingly, Plaintiff's second summary judgment motion is denied for the reasons stated herein and by Judge Katz in the R&R.

---

[1] Plaintiff's first motion for summary judgment was styled "Affirmation in Opposition to Motion and Under Rule 56.1 for Summary Judgment." (Dkt. No. 17) Judge Katz properly considered Plaintiff's submission as an opposition to the Commissioner's motion for judgment on the pleadings. (See Dkt. No. 19 (June 20, 2011 memo endorsement by Judge Katz, stating: "The Defendants have moved to dismiss this action. You responded to their motion. The motion will be decided in due course."))

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is not clearly erroneous and in fact fully conforms with the law. Accordingly, the Court adopts the findings and conclusions set forth in the R&R. The Commissioner's motion for judgment on the pleadings is granted (Dkt. No. 15), and Plaintiff's motions for summary judgment are denied (Dkt. Nos. 17, 30) The Clerk of the Court is directed to (1) terminate all three motions, (2) mail a copy of this Order via certified mail to pro se Plaintiff Khawar Maqsood, P.O. Box 713, Bronx, NY 10452, and (3) close this case.

Dated: New York, New York
July 30, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge